### N. Y. COMMON PLEAS.

#### JOHN A. DINKEL agt. HENRY WEHLE.

*Disregarding undertaking on appeal — Mistakes in undertaking — Stay of execution — Remedies.*

Where the undertaking describes a judgment by giving a different date from the date of its entry, it describes a judgment which does not exist, and the respondent need not first move to set it aside, but he can disregard it and issue execution as if no undertaking had been given.

*Special Term, May,* 1881.

THE plaintiff obtained a judgment against the defendant for referee's fees for $119.49, entered March 12, 1881. The defendant's undertaking on appeal to stay execution on this judgment described it as entered March eleventh; a similar date was in the notice of appeal.

The plaintiff claimed there was no stay, and issued execution to the sheriff, who made a levy on defendant's property. The defendant moved to set aside the execution and for restitution of his property.

*Henry Wehle,* for the motion. The proper practice is not to disregard the undertaking, but to move to set it aside (*Parfitt agt. Warner,* 13 *Abb.,* 471).

*George F. Langbein,* for plaintiff, opposed. The judgment entered has never been appealed from, nor has any undertak-

Dinkel agt. Wehle.

ing upon it ever been given. No such judgment as appealed from exists. The sureties named in the undertaking given could not be held liable on the judgment which, in fact, exists ; they never bound themselves to pay that judgment. There was, therefore, no stay. The undertaking required by the Code of Civil Procedure is an undertaking "in the action from the judgment entered" (*See secs.* 3213, 3046). A surety is not held beyond the precise terms of his contract (*Walsh* agt. *Bailie*, 10 *Johns.*, 180 ; *Pennoyer* agt. *Watson*, 16 *Johns.*, 100). The contracts of sureties are to be construed by the courts strictly in their favor (*Rochester City Bank* agt. *Elwood*, 21 *N. Y.*, 88 ; *see, also, Sailly* agt. *Elmore*, 2 *Paige*, 497 ; *Supervisors of Albany* agt. *Dorr*, 1 *Denio*, 268). An undertaking upon an appeal which is insufficient in amount, will not stay the proceedings of the successful party (*Sternhaus* agt. *Schmidt*, 5 *Abb.*, 66).

J. F. DALY, *J.* — In *Parfitt* agt. *Warner* (13 *Abb.*, 476) the supreme court held that where an undertaking on appeal was defective, but not void, the proper course was for the respondent to move to set it aside, but not to disregard it, and proceed to enforce his judgment. The action was for a foreclosure of a mortgage, and the plaintiff was secured by the mortgaged property. This is an important consideration. In ordinary actions for the recovery of money the defendant may gain time to dispose of his property by putting in an undertaking which affords no security. While plaintiff was making his motion to set aside the worthless instrument, his security in the judgment debtor's property might be gone. In *Sternhaus* agt. *Schmidt* (5 *Abb.*, 66) this court at special term held that an undertaking which did not comply with the Code effected no stay.

The undertaking and notice of appeal in this case by wrongly describing the judgment, failed to comply with the Code. The proper description of the judgment is the most essential part of the notice. The sureties might not be liable

upon an undertaking reciting an appeal from a judgment which did not exist, as described in the instrument. At all events, they had a point on which to dispute their liability until determined by the court of last resort. The appellant, in tendering such an undertaking, offered respondent instead of security a lawsuit. It is hardly proper under such circumstances to hold respondent to the obligation to respect the attempt to stay his proceedings and to assume the burden of moving to set the defective undertaking aside. He is at least entitled to secure himself if the appellant does not secure him by a proper undertaking.

These general observations apply to all cases of this kind. There is no fear of the respondent's security being affected by delay in this case, and there can be no question that the defect in the undertaking here was the result of misinformation. While I cannot grant the motion to set aside the execution, it may not be out of place to say that an amendment would be allowed of course, and without terms.

Motion denied, with ten dollars costs to defendant to abide event of appeal.